HAWKES, J.
Appellants filed suit for declaratory relief challenging the validity of the appellee property appraiser’s ad valorem tax assessments levied against 40 wet slips[1] located at the Santa Rosa County Yacht & Boat Club (“Yacht Club”). The trial court declared the assessments valid. We reverse.

Factual and Procedural Background

The taxed wet slips are located on sovereign submerged land (“SSL”) leased from the State of Florida to the Yacht Club for a term of five years.' The SSL léase provides that the wet slips can never be owned and are subject to a 6% excise tax. Although there is some risk the State will not renew the lease, such leases are generally renewed so long as the lessee complies with the lease and otherwise meets the State’s regulatory requirements.
The docks and piers appurtenant to the wet slips and adjoining uplands are owned *220 by the Yacht Club. The uplands consist of an office building, a parking lot, and a large structure containing 129 dry slips.[2] Each dry slip is separately owned as a condominium unit. The declaration of condominiums grants the Dry Slip Owners exclusive use of the Yacht Club property.
The Yacht Club sublets each of the wet slips to Appellants (“Wet Slip Renters”) on a paid-up basis for the remainder of the 5-year SSL lease “plus all extensions and renewals thereof.” The subleases afford the Wet Slip Renters the same rights and obligations as the Dry Slip Owners. The only difference is that the Wet Slip Renters’ rights and obligations are subject to the duration of the SSL leas'e, whereas the Dry Slip. Owners’ rights and obligations are tied to their fee simple ownership of the dry slip condominiums.
In making the ad valorem tax assessments against the Wet Slip Renters, the Property Appraiser relied upon the amounts paid to sublease the wet slips. The Wet Slip Renters argued to the trial court that the Property Appraiser erroneously assessed the wet slip units as real property subject to ad valorem taxes, instead of as personal property subject to only intangible state taxes.' In response, the Property Appraiser contended the assessment was correct, because the subleases granted the Wet Slip Renters tangible, real-property interests, which exceed the mere right to occupy the wet slips.
On summary judgment, the trial court determined the wet slips could only be taxed as intangible property to the extent the subleases involved the right to use a portion of the submerged lands. However, the issue of whether the Wet Slip Renters acquired an ownership interest in real property (i.e., the Marina uplands, docks, piers, and improvements) required an evi-dentiary hearing.
After an evidentiary hearing, the trial court issued a final judgment holding the wet slip assessments valid, because “the Wet Slip Sublease Agreements provide an ownership interest in the Yacht Club property to include the upland portion of the property, the improvements thereto as well as the docks and piers.” In support of its decision, the trial court concluded:
To allow the wet slips to be assessed and taxed as intangible property and the dry slips to be taxed as real property would be violative of § 718.120, Florida Statutes .... There is no reason to treat one class of owner differently from another when each owner (whether they be dry space or wet slip) enjoy the same benefits and responsibilities of ownership in the Yacht Club.

The Wet Slip Renters Do Not Have a Taxable Interest in Real Property

A trial court’s findings of fact and conclusions of law concerning the valuation of property for ad valorem taxes are reviewed to determine whether they are clearly erroneous. See Fla. E. Coast Ry. v. Dep’t of Revenue, 620 So.2d 1051, 1061 (Fla. 1st DCA 1993).
A leasehold estate in real property owned by the State of Florida may only be taxed as “intangible personal property.” See §§ 199.023(l)(d) & 196.199(2)(b), Fla. Stat. However, any “personal property, buildings, or other real property improvements” constructed on such state owned land, which .are owned by the lessee, are subject to ad valorem taxes. § 196.199(2)(b), Fla. Stat.; see also Parker v. Hertz Corp., 544 So.2d 249 (Fla. 2d DCA 1989). “Extrinsic criteria” may be exam *221 ined to determine whether a lessee is “endowed with sufficient indicia of ownership” of such on-site constructions. See Parker, 544 So.2d at 251 (holding lessees “owned” fixed improvements erected on sovereign land that were ready and contemplated for occupancy by the lessees for the duration of the 25 year lease term).
In the case at bar, the 40 Wet Slip Renters shared their right to use the docks, piers, uplands, and improvements with the 129 Condo Owners and their guests, the Yacht Club employees, and the Developer and its assigns. In the event the SSL lease is terminated at the end of its 5-year term, the Wet Slip Renters’ shared interests would also be terminated. Under these circumstances, the trial court’s finding that the Wet Slip Renters “owned” the docks, piers, and uplands is clearly erroneous.
Furthermore, the wet slips are not condominium units. The SSL lease provides they can never be owned. Thus, section 718.120 is not applicable to the wet slips, and should not have been considered by the trial court.

Conclusion

The trial court’s ruling that ad valorem tax assessments can be levied on wet slips owned by the State of Florida is clearly erroneous. The Wet Slip Renters did not have an ownership interest in tangible, real property.
REVERSED and REMANDED.
ERVIN and PADOVANO, JJ., concur.

. A "wet slip” is a dockside parking spot for a boat located on submerged land.

. A "dry slip” is an indoor storage unit for a boat.